# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER E. STONER, | ) |
| Plaintiff, | ) |
| | ) No. 13 C 1406 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| VILLAGE OF DOWNERS GROVE and JEFFREY GIERMANN | ) |
| Defendant. | ) |

## OPINION AND ORDER

Christopher E. Stoner brings the current action against the Village of Downers Grove and Officer Jeffrey Giermann (collectively, "Defendants") alleging false arrest in violation of 42 U.S.C. § 1983 and state law claims of false imprisonment, conversion, and malicious prosecution arising from his arrest in the early morning of March 6, 2011 on suspicion of driving under the influence of drugs. Defendants move for summary judgment on all claims. Stoner's § 1983 claim fails as a matter of law under *Heck v. Humphrey* and because there was probable cause for the arrest. In addition, Officer Giermann is entitled to qualified immunity. Defendants' motion [32] is therefore granted in part and the Court declines to exercise supplemental jurisdiction over Stoner's state law claims.

# BACKGROUND[1]

At around five in the morning on March 6, 2011, Officer Giermann responded to the area of 5200 Brookbank Road in Downers Grove, to a report of a vehicle in a ditch. Once at the scene, Giermann observed a grey Mitsubishi Lancer off the roadway, in the middle of a creek. Giermann also observed tire marks that left the roadway, stopped at a tree, traveled up the creek bed and then halfway up onto the other side of the creek bed. Giermann further observed Stoner placing cardboard boxes underneath the tires of the Lancer in an attempt to gain traction and get the vehicle out of the creek. Giermann approached Stoner and asked if he was injured. Stoner denied being injured. Giermann asked Stoner if he had consumed any alcohol. Stoner denied consuming any alcohol. Stoner told Giermann that he was driving through the wooded area to find a shortcut to the College of DuPage when he lost control of the vehicle. Stoner's vehicle left the roadway and struck a tree on the west side of the road. Stoner then put his vehicle in reverse, turned it toward the creek bed, and attempted to accelerate up and over the other side of the creek bed. Unable to crest the creek bed, Stoner traveled northbound through the creek until the vehicle became stuck. Giermann testified that while speaking with Stoner, he observed that Stoner had difficulty standing, was swaying from side to side, slurred his words, and appeared confused by some questions.

Giermann then conducted three field sobriety tests on Stoner: the horizontal gaze nystagmus test, the walk-and-turn test, and the one-leg stand test. Another officer, Craig

---

[1] The facts in this section are derived from the statements of fact submitted by the parties to the extent they comport with Local Rule 56.1. They are taken in the light most favorable to Stoner, the non-movant. The Court has considered the parties' objections to the statements of fact and supporting exhibits and included in this background section only those portions of the statements and responses that are appropriately presented, supported, and relevant to resolution of the pending motion for summary judgment. The Court notes that the parties conferred on the filing of the motion, but did not submit a joint statement of undisputed facts despite this Court's standing order. Counsel are warned that failure to follow procedures may result in the Court striking briefs, disregarding statements of fact, deeming statements of fact admitted, denying summary judgment, and/or ordering monetary sanctions.

Widlacki, witnessed Stoner performing the tests and Giermann's squad car camera recorded the walk-and-turn test. Based on his observations, Giermann determined that Stoner failed all three of the sobriety tests and came to the opinion that Stoner was under the influence of drugs at the time of the accident. Giermann then placed Stoner under arrest and transported him to the Downers Grove Police Department. Incident to the arrest, Stoner's car was towed by O'Hare Towing Service ("O'Hare"). Stoner signed a notice of vehicle seizure/impoundment form that informed him that his car had been towed.

Stoner was charged with driving under the influence of drugs, improper lane usage, failure to reduce speed to avoid an accident, no front registration, and operating an uninsured motor vehicle. In September 2011, Stoner's summary suspension was rescinded after a court heard both Officer Giermann and Stoner's testimony. On January 16, 2013, that same court found Stoner guilty of failure to reduce speed to avoid an accident and operating an uninsured motor vehicle. Pursuant to this conviction, Stoner was sentenced to a conditional discharge for one year and a court-mandated DUI Monitoring Program, including attendance at a Victim Impact Panel.

Antonio Lilly, Downers Grove Vehicle Reclamation Officer, notified Stoner, Stoner's grandfather James Mervin, and CarMax Business Services, LLC, the registered owners and/or lien holders of the vehicle, via certified mail that the vehicle had been towed by O'Hare and that if the vehicle remained unclaimed after ten days it would be disposed. Officer Lilly sent three notices via certified mail to Stoner and Mervin at the address registered to the VIN of the vehicle. Each of these notices was returned as "unclaimed." Stoner did not pay the applicable administrative fee to the Village of Downers Grove and did not pay the towing and storage fees owed to O'Hare. Stoner did not reclaim his vehicle. On September 1, 2011, a Certificate of

Purchase was issued to O'Hare in lieu of the towing and storage fees owned by Stoner. Stoner became aware his vehicle had been sold on June 11, 2011. This lawsuit followed.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598–99 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

### I. 42 U.S.C. § 1983 (False Arrest) Claim

The only federal claim in Stoner's Complaint is for a violation of 42 U.S.C. § 1983 for false arrest—as alleged, "falsely arresting and detaining the Plaintiff with no basis in fact or law to do so." Compl. ¶ 9. Defendants seek summary judgment on this claim on the theory that

probable cause is an absolute bar to any false arrest claim, Stoner's conviction demonstrates probable cause for the arrest, and that there was probable cause for the arrest in any event. Alternatively, Defendants argue that Officer Giermann is entitled to qualified immunity. The Court agrees.

In *Heck v. Humphrey*, the Supreme Court established that criminal defendant may not use § 1983 to claim damages for an allegedly unconstitutional conviction or imprisonment, "or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless that conviction or sentence had been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make sure determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). This is because criminal defendants cannot use § 1983 as a collateral attack on an otherwise valid criminal conviction. *Id.* at 486 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement [.]"). Although the Supreme Court examined this issue in the context of malicious prosecution, Stoner's claim of false arrest falls squarely within the *Heck* analysis. *See id.* at 486; *see also Jackson v. Parker*, No. 08 C 1958, 2009 WL 3464138, at *2–4 (N.D. Ill. Oct. 26, 2009) (granting summary judgment on plaintiff's § 1983 false arrest claim).

*Heck* requires the district court consider whether a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction or sentence. *Heck*, 512 U.S. at 487. If it would, the § 1983 action cannot stand. *Id.* Stoner's arrest on March 6, 2011 resulted in a conviction for failure to reduce speed to avoid an accident and operating an uninsured motor

vehicle. Defs. SMF [30] ¶ 42; Stoner Resp. [37] ¶ 42. This finding of guilt and imposition of a sentence of one year's conditional discharge and a court-mandated DUI Monitoring Program constitutes a conviction and sentence for the purposes of *Heck*. *See Jackson*, 2009 WL 3464138, at *4 (finding the imposition of supervision is a sentence under *Heck* and explaining conditional discharge is the equivalent of supervision); *see also U.S. v. Binford*, 108 F.3d 723, 727 (7th Cir. 1997) (defining conditional discharge under the Illinois sentencing code as a sentence or disposition of conditional and revocable release without probationary supervision but under such conditions as may be imposed by the court (citing 730 Ill. Comp. Stat. 5/5-1-4 (1992))). A finding that Stoner was falsely arrested would necessarily imply that his conviction for these driving-related offenses was invalid. To declare Stoner falsely arrested, a jury would be required to pick between the criminal trial judge's guilty determination and Stoner's claim that there was no probable cause to believe he failed to reduce speed to avoid an accident and was operating a motor vehicle without insurance. Even without determining whether there was sufficient probable cause for the DUI arrest, Stoner's conviction on the other driving charges precludes his § 1983 false arrest claim under *Heck*.

In addition, the criminal trial judge determined that Stoner was guilty of failing to reduce speed to avoid an accident and operating an uninsured motor vehicle. This conviction bars a suit for false arrest claiming no probable cause whatsoever to arrest. *See King v. Goldsmith*, 897 F.2d 885, 886 (7th Cir. 1990) (citing with approval *Cameron v. Fogarty*, 806 F.2d 380, 386–89 (2nd Cir. 1986) for the narrow holding that a "conviction bars a suit for false arrest or malicious prosecution *based on a claim that there was no probable cause to arrest the plaintiff*"). Stoner's Complaint claims his arrest has "no basis in fact or law." Compl. ¶ 9. Although the Court notes that the *King* decision did not specifically adopt *Cameron* and that certain other courts within

6

this district have not followed this analysis, *see Jimmerson v. Campbell*, No. 92 C 2257, 1993 WL 479053, at *3–4 (N.D. Ill. Nov. 18, 1993) (adopting *Cameron* and *King*, while noting disagreements), the Court cites the Seventh Circuit's approval of this narrowest holding of *Cameron* as an alternative reason why Stoner's false arrest claims fails.

Furthermore, "probable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007). While a plaintiff convicted on certain charges may sue for malicious prosecution for other charges where probable cause was lacking, a false arrest claim will not lie if there was any ground to arrest. *See id.* ("Logic supports the distinction. An arrested individual is no more seized when he is arrested on three grounds rather than one; and so long as there is *a* reasonable basis for the arrest, the seizure is justified on that basis even if any other ground cited for the arrest was flawed."). Although probable cause is usually a question for the jury, when the facts and inferences to be drawn from the facts cannot be disputed, it may be decided as a matter of law. *Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1246 (7th Cir. 1994).

Officer Giermann had probable cause to arrest Stoner for the failure to reduce speed charge that night. It is undisputed that Officer Giermann came upon Stoner's car in a ditch in the early morning hours, observed tire marks leaving the roadway, stopping abruptly at a tree, then traveling into the creek bed by the side of the road and onto the other side of the creek bed. Defs. SMF [30] ¶¶ 9-11; Stoner Resp. [37] ¶¶ 9-11. It is similarly undisputed that Stoner told Officer Giermann at the scene that he lost control of his vehicle and left the roadway, striking a tree on the west side of the road with the front of his vehicle. Defs. SMF [30] ¶ 17; Stoner Resp. [37] ¶ 17. Probable cause is a set of facts that would lead an ordinary, reasonable person to

believe that the person arrested committed the offense charged. *Swearnigen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 863 (7th Cir. 2010). Probable cause requires "more than a bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chicago*, 234 F.3d 979, 996 (7th Cir. 2000) (quotation marks and citation omitted). The scene that presented itself to Officer Giermann that early morning clearly pointed to a speed-related vehicular accident, even without any considerations of DUI. Officer Giermann had probable cause to arrest Stoner on the failure to reduce speed charge at the very least and this defeats the false arrest claim.

Additionally, there was probable cause to arrest Stoner for driving under the influence of drugs. As discussed above, a probable cause determination does not require evidence sufficient to support a conviction, or even that the officer's belief was more likely true rather than false. *See Woods*, 234 F.3d at 996. The parties do not dispute that Officer Giermann determined Stoner failed the field sobriety tests at the scene and was of the opinion that Stoner was under the influence of drugs. Defs. SMF [30] ¶¶ 29, 33, 34; Stoner Resp. [37] ¶¶ 29, 33, 34. Stoner disputes that he failed the videotaped walk-and-turn test, stating the video speaks for itself. Stoner Resp. [37] ¶¶ 26-28. However, even taking all inferences in Stoner's favor, there can be no doubt that the video shows Stoner failing to properly execute that test. Stoner's challenge to Officer Giermann's representations regarding his failure of the one-leg stand test is a cite to his deposition where he states he "cracked his head on the steering wheel," and testifies that he both didn't remember telling the officers he was injured and that he told the officers he did not need medical treatment (when asked) because his pride got in the way. Defs. SMF [30] Ex. B-1, at 51–52. But even if Stoner failed the field tests due to a medical condition (that he did not discuss

with the police on the scene), considering the undisputed circumstances of the crash, Stoner's attempt to extricate himself from the ditch, along with the failed field tests, Officer Giermann had probable cause to arrest Stoner for the DUI.

Finally, Stoner's § 1983 claim fails because Officer Giermann had qualified immunity for the arrest. Qualified immunity protects a state official from civil liability for damages so long as his or her conduct does not violate a "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). If a reasonable officer could have believed the action taken was lawful, in light of clearly established law and the facts known to the officer at the time, qualified immunity exists for that action. *Omdahl v. Lindholm*, 170 F.3d 730, 733 (7th Cir. 1999). If Officer Giermann had "arguable probable cause" to arrest, even if that belief was mistaken, he has qualified immunity against a false arrest claim. *See Abbott v. Sangamon Cnty. Ill.*, 705 F.3d 706, 714–15 (7th Cir. 2013). As discussed above, the circumstances of the accident combined with Stoner's behavior at the scene would provide a reasonable officer arguable probable cause to arrest for driving under the influence of drugs. Therefore, Officer Giermann is entitled to qualified immunity for the arrest.

For all the reasons discussed above, Stoner's § 1983 claim fails as a matter of law. Summary judgment is granted for Defendants on Count I.

## II. State Law Claims for False Imprisonment, Conversion, and Malicious Prosecution

Stoner's remaining claims (Counts II–IV) are state law claims. Because the federal claim is dismissed, this Court declines to exercise supplemental jurisdiction over the state law claims and therefore dismisses them without prejudice. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("it is the well-established law of this circuit that the usual practice is to dismiss

without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial").

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [32] is granted on Stoner's § 1983 false arrest claim (Count I). The Court declines to exercise supplemental jurisdiction over Stoner's state law claims (Counts II–IV) and those counts are dismissed without prejudice. The case is terminated.

Dated: July 29, 2014

_____
SARA L. ELLIS
United States District Judge